UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DR. ANDERSON JOSEPH,<br><br>                    Plaintiff,<br><br>          -against-<br><br> ACS,<br><br>                    Defendant. | 23-CV-5958 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Queens County, New York, brings this action *pro se*. He invokes

the Court's diversity jurisdiction, 28 U.S.C. § 1332, and asserts claims against the Administration

for Children's Services (ACS) in Queens County, for "alienation of affection," in connection

with the removal of his children. For the following reasons, this action is transferred to the

United States District Court for the Eastern District of New York.

### DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim
occurred . . . ; or (3) if there is no district in which an action may otherwise be
brought as provided in this section, any judicial district in which any defendant is
subject to the court's personal jurisdiction with respect to such action.

For venue purposes, an "entity with the capacity to sue and be sued," if a defendant,

resides in any judicial district where it is subject to personal jurisdiction with respect to the civil

action in question. *See* 28 U.S.C. § 1391(c)(2).

Plaintiff alleges that on April 19, 2023, Defendant ACS violated his rights in Jamaica,

New York (ECF 1 at 3, 7), which is in Queens County. ACS removed Plaintiff's children and

informed him that there is a "full stay away" order of protection that prevents him from seeing or

talking to his wife. Plaintiff sues ACS and seeks "punishment of money damages" for this separation and effort to "break up [Plaintiff's] marriage." (*Id.* at 7.) Because Plaintiff alleges that the events giving rise to his claim took place in Queens County, outside this district, venue is not proper here under 28 U.S.C. § 1391(b)(2). Queens County is in the Eastern District of New York, 28 U.S.C. § 112(c), and venue of this action therefore is proper in that district under Section 1391(b)(2).

The sole defendant in this action is ACS, and Plaintiff refers to the branch office in Queens County, New York. (ECF 1 at 6.) It is unclear if Defendant is subject to personal jurisdiction in this district, which would make venue proper here under Section 1391(b)(1).

Under 28 U.S.C. § 1404(a), even if a case is filed in a district where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred outside this district in Queens County, and Plaintiff does not reside in this district. It is also reasonable to expect that the relevant documents and witnesses would be in Queens County. The Eastern District of New York thus appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in this district.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    July 28, 2023
          New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge